Frost, J.
delivered the opinion of the.Court.
It is a well settled rule that, as evidence is to be confined to the point in issue, the character of either party cannot be enquired into, in a civil suit, unless it is put in issue by the nature of the proceeding itself. In actions for slander and seduction, it is so put in issue, and in some cases, where the question is one of mere property, the character of one of the parties may be directly involved in the issue ; and then, only, may it be the subject of evidence.
The character of the plaintiff is not, thus, put in issue in an action of assault and battery. If it may, in that action, be given in evidence, it may be forced into every action for damages. No distinction can exclude such evidence from trespass to real or personal property. It is not pertinent to prove the alleged injury. It can only be relevant to the question of damages. In trespass to real and personal pro *548 perty, circumstances of outrage are permitted to aggravate damages beyond actual loss. If the defendant can shew, in mitigation for beating the plaintiff, that he is quarrelsome and intermeddling, the same evidence would furnish a better pretext and extenuation for a trespass on his land, or beating his slave.
3 Bibb’s Rep 195.
3 McC. 66.
It is needless to cite authority to prove- that such evidence • is inadmissible in the latter cases. In Gives v. Bradly it was held that evidence of the plaintiff’s character is not admissible m an action for assault and battery.
The defendant may give in evidence, in mitigation of damages, the conduct, and even character, of the plaintiff, when they form the provocation and inducement to the trespass. This is as much as any case or dictum can be found to warrant. Rhodes v. Bunch is decisive of the question made in this case. It was an action of trespass, for pulling down a house, into which the plaintiff had intruded himself on the defendant’s land. Evidence was admitted that plaintiff had been suspected of being engaged in a negro conspiracy, and that he was a negro trader and vagabond, dangerous to the neighborhood. It was held, first, that the case was certainly one in which character ought not to have been allowed to be given in evidence. But it was sáid to be proper to permit facts and circumstances to be given in evidence, by way of mitigation, which were the inducements to a transaction, though they may involve character: as in assault and battery, though the defendant cannot give in evidence the bad character of the plaintiff, by way of excuse, yet he may prove that the defendant traduced his character, insulted his wife or daughter, or that he found defendant, in his enclosure, attempting to steal his goods, or exciting his negroes to insurrection ; or to prove any other fact to shew the motive which induced the act.
In this case it was proved that the defendant, with predetermined malice, had committed a violent battery on the plaintiff. The attack was made when the plaintiff was on his way from his lodgings to his office, unsuspecting and unprepared for violence ; near a drinking shop, in the piazza of which the defendant waited his opportunity; and in the view of its exulting inmates. Here, confident in the protection of his concealed bowie knife, the defendant fell upon the plaintiff with a wagon whip; and by the employment of these instruments of degradation and murder, betrayed the deep malignity of his purpose. What excuse or mitigation can be found for the defendant’s conduct in the fact, if it were true, that the plaintiff was a quarrelsome person, and an in-termeddling magistrate % He had never quarrelled with the defendant, nor intermeddled with him ; unless that the plaintiff expressed an opinion respecting the defendant’s conduct, *549 at the market house, can be considered an intermeddling.— Evidence of this was admitted to shew what provocation the plaintiff had given to the defendant, which might extenuate his conduct. Evidence of the plaintiff’s character would have aided the defendant’s case, by throwing the weight of a presumption in the scale of doubtful evidence; for the battery was not disputed ; nor by affording any extenuation of his conduct; for it did not concern the defendant, however quarrelsome or intermeddling the plaintiff might be, if he did not molest the defendant. The evidence was, then, wholly immaterial and irrelevant to the issue, unless it be law (which cannot be shewn) that infirmities of temper, or injudicious zeal in the discharge of official duty, may extenuate, if not excuse, an assault and battery, however unprovoked and outrageous, on a magistrate or other public officer, which any evil disposed person may, in his wanton malignity, see proper to inflict.
Though the evidence respecting the plaintiff’s character, which the defendant offered, was excluded, yet the attorneys of each party strenuously urged the consideration of his character, according to their different representations of it, as material in determining the amount of damages. It was necessary that so exciting a topic, urged in the argument, though irregularly, should be noticed in the instructions to the jury, that they might not be misled. It is not a reasonable ground of complaint that when the defendant’s counsel, on the evidence of his own declarations, brought into the argument the effect of the plaintiff’s character, on the subject of damages, that the Judge, on the same evidence, should express his opinion to the jury.
The motion is dismissed.
Evans, J. — and Wakdlaw, J — concurred.

Motion refused,